SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

MARIA GIANNAKOULIS,

Index No. 507674/2024

                Plaintiff,

**AMENDED COMPLAINT**

-against-

*Jury Trial Demanded*

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, and MELISSA
AVILES-RAMOS individually and as
Chancellor of the Department of Education
of the City of New York,

                Defendant.

-------------------------------------------------------------------X

      Plaintiff Maria Giannakoulis ("Plaintiff") by and through her undersigned attorney, Stewart Lee Karlin, Stewart Lee Karlin Law Group, P.C. sues the Defendant the Department of Education of The City of New York (henceforth "Defendant or DOE") and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil action seeking injunctive relief and monetary relief, including past and ongoing economic loss, compensatory, and other damages pursuant to 42 U.S.C. 1983. More specifically, this is a civil action seeking injunctive relief, monetary relief, including past and ongoing economic loss, compensatory and other damages for violating Plaintiff's due process rights by failing to process Plaintiff's application for a medical exemption, failing to provide a dialogue on a reasonable medical accommodation so that she could continue to work, failing to give her a 3020-a arbitration hearing before being forced onto a leave without pay ("LWOP") and subsequently placing on Plaintiff's personnel file in the PETS system a no hire/inquiry "problem code."

## PARTIES

2.      At all times hereinafter mentioned, Plaintiff Maria Giannakoulis (hereinafter mentioned as "Plaintiff or "Ms. Giannakoulis") resides within the County of Nassau, State of New York. Plaintiff was employed by the DOE at all times relevant as set forth in the Complaint.

3.      Defendant the Department of Education of the City of New York (hereinafter "the DOE") is a political subdivision of the State of New York and is charged by law with responsibility for the operation, management, and control of the City of New York's public education. Defendant is within the jurisdiction of this Court. Defendant Chancellor Aviles-Ramos is the Chancellor of the DOE and was acting individually and in her official capacity of Chancellor at all times relevant to the complaint

## JURISDICTION AND VENUE

4.      The Court has concurrent subject matter jurisdiction pursuant to 28 U.S.C. §1331 for claims arising from federal questions under 42 U.S.C. 1983, in particular the protections given by the Fourteenth Amendments to the Constitution and Education Law §3020-a (the "tenure law").

## FACTUAL STATEMENT

5.      Ms. Giannakoulis has been an NYS Certified School Psychologist for the New York City Department of Education (DOE) for 16 years.

6.      Ms. Giannakoulis has been an outstanding employee of the DOE. She has had satisfactory ratings every year with glowing recommendations from every administrator and supervisor she has worked with.

7.      On September 18th, 2021, Plaintiff was informed that SOLAS was now accepting applications to request an exemption to the vaccine.

8.      On September 24, 2021, Plaintiff emailed the NYC DOE Employee Relations to notify

them that she was unable to obtain the medical documentation required in time for their deadline. Therefore, would not be getting the vaccine without medical clearance from a doctor due to Pericarditis.

9.      On September 27, 2021, Employee Relations replied to Plaintiff's email: "You may submit your application for an exemption or accommodation at any point. Once you have your medical documentation, you can start the process in SOLAS."

10.     On October 4, 2021, Plaintiff was placed on an involuntary Leave Without Pay.

11.     Plaintiff, a stellar tenured teacher for 16 years, is in a protected class having a property right and Constitutional due process right to her continued employment with the DOE until after she was given a 3020-a arbitration as detailed in Education Law §3020 and Article 21G of the United Federation of Teachers' contract (CBA). Defendant ignored this approved public policy and Constitutional right.

12.     On October 5, 2021, the Plaintiff received the results from the echocardiogram as well as documentation from the doctor stating "pericarditis." Pericarditis is a swelling and irritation of the thin, saclike tissue surrounding the heart (pericardium). Pericarditis caused Plaintiff sharp chest pains. Depending on the severity of Pericarditis, it can be life-threatening.

13.     Plaintiff submitted a SOLAS application to be exempt from the vaccine mandate due to her Pericarditis, a medical condition given accommodation in the Scheinman Impact Bargaining Award issued on September 10, 2021.

14.     On October 18, 2021, Plaintiff called and emailed HR to check on her application status in SOLAS, which still showed "in progress." Plaintiff was informed it was "case by case" and no time frame could be given.

15.     On October 26, 2021, Plaintiff emailed Employee Relations again regarding the status of

3

her application.

16.     On November 29, 2021, Plaintiff was forced into signing a waiver titled LWOP, which deliberately deprived her of her Constitutional rights to due process.

17.     Plaintiff was unaware that the LWOP and the appeals process of forcing DOE Employees onto unpaid leave if a COVID vaccination card was not handed in was declared unconstitutional in the USDC Eastern District by the Court of Appeals in the case *Kane v De Blasio* (19 F.4th 152 (2d Cir. 2021) on November 28, 2021.

18.     On November 29, 2021, the Plaintiff was still on an extended leave without pay status due to the application still being "in progress."

19.     Due to the DOE's refusal to timely process Plaintiff's vaccine exemption request due to her heart disease, on December 15, 2021, Plaintiff filed a Step 1 grievance with the UFT.

20.     Thereafter, on January 3, 2022, she contacted HR to ask about her application "in progress."

21.     However, there was still no decision on Plaintiff's application for a medical exemption in SOLAS.

22.     Thereafter, on January 4, 2022, Plaintiff contacted ODA, Employee Relations, and LWOPquestions@schools.nyc.gov via email to check on the status of her application, but there was still no decision in SOLAS.

23.      Thereafter, on January 4, 2022, ODA responded via email to keep checking the status of the application in SOLAS and to reach out to the union for further guidance.

24.     On January 19, 2022, a Step 2 grievance process began.

25.     On January 28, 2022, Plaintiff received a SOLAS email stating "Denial of medical exemption" with reason listed: "Medical condition not valid reason to defer or delay the

4

vaccination." The reason provided for the denial of the medical exemption is patently false. In fact, Pericarditis is an actual condition listed as an option on the application.

26.     On February 10, 2022, a Step 2 grievance hearing was held.

27.     On March 1st, 2022, Grievance decision was received and denied.

28.     Thereafter, Plaintiff's condition significantly improved (Pericarditis), and thus Plaintiff, on July 26, 2022, uploaded the first dose of the COVID-19 Vaccine into the vaccination portal following medical clearance by her cardiologist.

29.     On August 1st, 2022, Plaintiff notified SOLAS of her intention to return to work following medical clearance by a cardiologist.

30.     Thereafter, on September 6, 2022, Plaintiff returned to work.

31.     Subsequently, on or about February 14, 2023, Plaintiff became aware that her fingerprints were tagged in the New York City Department of Education's 'Problem Code' at the Human Resources Office of Personnel Investigations on October 4, 2021, due to her not handing in a valid COVID vaccination card. She was given no other information.

32.     The 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct. Therefore, the New York City Department of Education has considered Plaintiff guilty of some kind of misconduct without giving her a chance to clear her name and have a hearing on the matter before putting her fingerprints into a Problem code database.

33.     As a result of the problem code, Plaintiff is no longer eligible for per-session work, promotions, and work transfers.

34.     The problem code also renders her ineligible to work in the City of New York in the private sector.

5

35.     Due to her unpaid leave time forced on her by Defendant, Plaintiff has missed out on 11 months of salary, plus 11 months of pensionable time.

36.     Thus, the Plaintiff has been stigmatized without a name-clearing hearing on the matter before putting her fingerprints into a Problem code database. She has been given no information about how to remove her personnel file from the problem code database.

37.     The lack of information about the label now attached to Plaintiff and to her file number and fingerprints makes her request for medical accommodation into charged misconduct and the LWOP, which she signed in November 2021, invalid as retaliatory discrimination.

38.     Additionally, as an employee of the NYC DOE for 16 years in good standing with tenure, Plaintiff had a unique and constitutional property and liberty right to her job and should have been given a 3020-a arbitration hearing on her not submitting a valid COVID vaccination card in October 2021 as stated in her contract and in Education Law §3020:

> "Education Law §3020 states in relevant part:
>
> *No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article"*

39.     Plaintiff has been damaged thereby by loss of future income, by damage to her reputation and consequent inability to secure other employment, and by extreme emotional and psychological upset and distress.

40.     This "punish without proof" approach illustrates the violation of public policy, which is the foundation upon which the due process clause and Education Law §3020. The tenure statute is designed to protect individual teachers, as public servants, from being dismissed without a hearing once their competency has been demonstrated.

6

41.     As a result of the actions as set forth above, Plaintiff was, and continues to be, deprived of her rights under New York State Constitution Section 6 and the Fourteenth Amendment, which states, "No person shall be deprived of life, liberty or property without due process of law."

42.     As a result of defendant's actions, Plaintiff suffered and was damaged.

43.     Defendant has deprived Plaintiff of such rights under the color of State Law.

44.     Defendant used fraudulent inducement to coerce Plaintiff into signing an unconstitutional waiver without advising her that her name would be coded as a "problem code." Because the 'Problem Code' is used for employees who have committed what the New York City Department of Education considers misconduct or incompetency, the Plaintiff has been stigmatized without a name-clearing hearing on the matter before putting her fingerprints into a Problem Code database.

45.     On February 10. 2023, Mayor Eric Adams ended the mandate but did not automatically put Plaintiff back on salary nor give Plaintiff back pay.

46.     As a result of the defendant's actions, the plaintiff suffered and was damaged.

47.     Defendant has deprived the plaintiff of such rights under the color of State Law.

48.     As a result of the defendant's actions, the Plaintiff suffered and was damaged

49.     In the new category of "insubordinate employee" and "unvaccinated," Plaintiff was not only removed unfairly and without due process from her job but ostracized and humiliated by her peers both inside and outside of the workplace

50.     But for the approval of the denial of protected rights by the Defendants, Plaintiff was maliciously and in bad faith harassed into leaving her job and stigmatized permanently by being placed on the Ineligible/Inquiry or "no hire" Problem Code List.

51.     As a result of the defendant's actions and in actions as set forth above, the plaintiff has been and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983, applying the Fourteenth Amendment due process rights of the U.S. Constitution.

52.     Based on the foregoing, Defendants under color of law

**AS AND FOR A SECOND CAUSE OF ACTION:**
**VIOLATION OF THE FOURTEENTH AMENDMENT EQUAL**
**PROTECTION CLAUSE**

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 54 as if the same were fully set forth at length herein.

54.     Defendants while acting under the color of law, unlawfully deprived the Plaintiff of her right to Equal Protection of the Laws, guaranteed by the Fourteenth Amendment of the United States Constitution, in that they engaged in selective enforcement of their own laws, rules, regulations, and ordinances against Plaintiff based upon the Plaintiff's medical condition/disability and Plaintiff's constitutionally protected conduct.

55.     In so doing, Defendants intentionally and, with malicious or bad faith intent to injure Plaintiff, selectively treated Plaintiff differently from other similarly situated employees and acted with no rational basis for the difference in treatment. Defendants' conduct was intentional, conducted with bad faith, and wholly irrational.

56.     In Garvey c City of NY (Index No. 85163/2022), Judge Ralph Porzio wrote in his decision: "Though vaccination should be encouraged, public employees should not have been terminated for their non-compliance…. The Health Commissioner cannot create a new condition of employment for City employees. The Mayor cannot exempt certain employees from these orders. Executive Order 62 renders all of these vaccine mandates arbitrary and capricious…. prohibit an employee from reporting to work."

57.    New York City was the only location in New York State that mandated the vaccine or termination for public employees. New York City was also the only place where tenured educators were suspended without pay and terminated without a 3020-a hearing. Every other tenured educator in the State, whether vaccinated or not, was given accommodations such as masks and testing. Anyone designated for charged misconduct received a 3020-a hearing. As a direct result of Defendants' violation of the Plaintiff's Fourteenth Amendment rights of equal protection, Plaintiff has suffered irreparable harm for which there is no adequate remedy of law.

58.    As a result of the defendant's actions and in actions as set forth above, the plaintiff has been and continues to be, deprived of her Federal rights under 42 U.S.C., Section 1983, applying the Fourteenth Amendment due process rights of the U.S. Constitution.

59.    Based on the foregoing, Defendants are in violation of 42 U.S.C. § 1983.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**WHEREFORE**, Plaintiff demands judgment against Defendant for all compensatory, emotional, psychological, and any other damages permitted by law pursuant to the above-referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which she is entitled, including but not limited to:

1.    Awarding Plaintiff all the backpay and financial damages that ensued after she was placed on a lawless and unconstitutional Leave Without Pay and having assigned her a problem code.

2.    Awarding Plaintiff all the backpay and financial damages that ensued after she was separated from her salary, including damages from losing her in-step increase in salary when she was reinstated, placed on a lawless and unconstitutional Leave Without Pay, and

never given a 3020-a arbitration hearing or an accommodation for her documented medical condition which prohibited her from getting the COVID vaccination in the fall of 2021;

3.      Equitable relief, including reinstatement and adjusting her salary to reflect the proper increase in salary when she was reinstated and restoring her lost pension benefits, including service credit and salary to reflect continued employment.

4.      Compensatory damages for past and future economic losses.

5.      An award of reasonable Attorney fees and litigation costs.

6.      Granting such other and further relief that the Court seems just and proper.

Dated: New York, New York
        February 25, 2025

                                        STEWART LEE KARLIN
                                        LAW GROUP, P.C.

                                         Stewart Lee Karlin, Esq.
                                        Attorneys for Plaintiff 111
                                        John Street, 22nd Floor
                                        New York, NY 10038
                                        (212) 792-9670
                                        slk@stewartkarlin.com

## VERIFICATION

STATE OF NEW YORK     )

COUNTY OF NEW YORK)      ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
        February 25, 2025

                            *s/ Stewart Lee Karlin*
                            Stewart Lee Karlin, Esq.

11

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A, the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
      February 25, 2025

*s/ Stewart Lee Karlin*
Stewart Lee Karlin, Esq.