1

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK - CIVIL TERM - PART 17
-----------------------X
                                        |
In the Matter of the Application for    |
Judgment Pursuant to CPLR Article 78 of |
SHERRY MLYNARSKI,                       |
                                        | INDEX NUMBER:
                Petitioner,             | 157525/2022
                                        |
        - against -                     |
                                        |
THE DEPARTMENT OF EDUCATION OF THE CITY |
OF NEW YORK,                            |
                                        |
                Respondent.             |
-----------------------X
                                Microsoft Teams
   PROCEEDINGS                  New York, New York
                                October 7, 2022

B E F O R E :

        HONORABLE SHLOMO S. HAGLER,
                JUSTICE OF THE SUPREME COURT

A P P E A R A N C E S :

        SUSSMAN & ASSOCIATES
        Attorneys for the Petitioner
        1 Railroad Avenue, Suite 3R
        P.O. Box 1005
        Goshen, New York  10924
        BY:  MICHAEL H. SUSSMAN, ESQ.


        NEW YORK CITY LAW DEPARTMENT
        Attorneys for the Respondent
        100 Church Street
        New York, New York  10007
        BY:  LAUREN SILVER, ESQ.


ALSO PRESENT:
        Sherry Mlynarski

                        KAREN PERLMAN, RMR, CRR
                        SENIOR COURT REPORTER
```

PROCEEDINGS

1  THE COURT: Let's go on the record.

2  Good morning. Thank you all for appearing.

3  This Court had signed an order to show cause on

4  September 6, 2022, with a TRO enjoining the respondent from

5  terminating Petitioner's employment or otherwise altering

6  the current terms and conditions of her employment pending

7  the hearing of this motion.

8  This Court has a petition and also a cross-motion

9  to dismiss the petition based upon CPLR 3211(a)(2) and

10  (a)(7). Let's move forward with the order to show cause and

11  we'll hear the cross-motion to dismiss as well.

12  So, Mr. Sussman, do you want to begin?

13  MR. SUSSMAN: Thank you, Your Honor. I appreciate

14  you hearing the matter.

15  I have some brief remarks and I'll try to confine

16  them to what I believe is pertinent.

17  Petitioner seeks a preliminary injunction

18  preventing her termination and the termination of her health

19  insurance benefits pending a decision on the merits.

20  Petitioner does not now seek the ultimate relief

21  and understands this Court can only grant that relief upon

22  review of the respondent's answer, which, of course, has not

23  been filed.

24  The relevant facts as we see them are the

25  following. On August 25th, the petitioner applied for a

PROCEEDINGS

1   religious accommodation, allowing her to maintain her job as
2   a tenured art teacher though unvaccinated.  Her petition was
3   timely.  Undisputedly, Respondent made available the
4   August 22nd window for such religious accommodation requests
5   and did not reject this request as untimely.  It purported
6   to review the request on the merits and rejected it.
7          The challenged August 31, 2022, decision, which is
8   before the Court, does not cite or reference any prior
9   history between Petitioner and Respondent, or claim that
10  Respondent is bound by any prior agreement she signed or
11  otherwise.  We view the argument in Respondent's reply
12  papers on pages 2 through 4 then as entirely unavailing.
13         DOD -- DOE did make a new window available for
14  Ms. Mlynarski's application.  She did apply.  Her
15  application was not rejected for the reasons cited on these
16  pages of Respondent's reply papers.  And it is noted no
17  mention of that history therein appears.
18         In addition, in light of the change in
19  circumstances, regulations, and laws governing religious
20  accommodations, it makes perfect sense for DOE to have
21  afforded this new window to apply.
22         Having done so, it cannot arbitrarily exercise
23  power.  Respondent next asserts, Your Honor, that Petitioner
24  is foreclosed from the suit due to the waiver doctrine;
25  however, in March '22, Petitioner did not waive her right to

PROCEEDINGS

1  sue in the future.  This is demonstrated on page 4 of our

2  memorandum of law to which Respondent does not respond.

3  I cite the actual language of the relief.  And it,

4  of course, contains no ban on challenges to Respondent's

5  future action, precisely what this case challenges.

6  Turning to the standards governing preliminary

7  injunction.  Petitioner does show a substantial likelihood

8  of prevailing, as the denial of her request for religious

9  accommodation provided no standards and did not engage in

10 particularized analysis.  This may not be satisfied by and

11 through counsel's post hoc justifications.  But the *Deletto*

12 case, which I cite, dooms Respondent, so it claims the case

13 is wrongfully decided, claiming that it reviewed -- but the

14 case reviewed the agency's actual reasoning to determine

15 whether it articulated any rational basis for its decision.

16 The Court in *Deletto* recognized that a rational

17 basis would suffice and sustain an agency determination

18 against an Article 78 challenge, and acknowledged that the

19 Court is not to substitute its reasoning for the agency

20 where the agency's reasoning is set forth.  However, the

21 Court also correctly held the absence of a particularized

22 determination, as here, would effectively swallow up and

23 negate the religious accommodation DOE has made available to

24 eligible applicants and, as Justice Bluth convincingly

25 explained, make judicial review impossible.

PROCEEDINGS

1           Here, on August 31, 2022, Respondent wrote the
2   Petitioner, quote, Your application failed to meet the
3   criteria for religious-based accommodation, close quote.
4   However, this denial nowhere states the criteria Petitioner
5   failed to meet nor even attempt to explain how or why she
6   failed to meet whatever those criteria are.
7           Likewise, the assertion that accommodating
8   Petitioner would impose an undue hardship is never
9   explicated and its generalization to other eligible persons
10  would effectively negate the religious accommodation that
11  Respondent does purport to offer.
12          Petitioner also does demonstrate irreparable harm.
13  The argument that Petitioner undermined her claim by waiting
14  five months before suing is erroneous.  Petitioner waited
15  five days from the August 31 denial to initiate this
16  proceeding.  She acted with alacrity upon receiving the
17  denial and did not delay.
18          Her loss of health insurance does pose an
19  irreparable harm and the impact of that loss is not
20  calculable.  Her peace of mind is obviously imperiled by
21  this loss, which would come -- which comes, Judge, when
22  she's unemployed without income and challenging the
23  Respondent's denial of her exemption.
24             That circumstance, of course --
25             THE COURT:  Counsel, just -- counsel, just give me

PROCEEDINGS

1  one moment.  A moment, please.

2           (There is a pause in the proceedings.)

3           THE COURT:  I apologize.  You can continue.

4           MR. SUSSMAN:  No problem, Your Honor.

5           This circumstance, that is her lack of income, does

6  exacerbate the effects of the loss of health insurance on

7  her mental status and physical being, if that were to occur.

8           In light of the fact that DOE does recognize

9  religious accommodations and, as here, denied the same in an

10 arbitrary manner like that explained and explicated by

11 Justice Bluth, the Court should find that she has met the

12 irreparable harm standard, she has met the standard with

13 regard to the probability of success and it should also find

14 that the balance of equities favor her.  Those balance of

15 equities are favored by the extension of the law in a manner

16 which is consistent to all involved, recognizes the DOE's

17 own policy which does have religious exemptions, looks at

18 her application for religious exemption, which is sincerely

19 held, as she's explained clearly to the Court, as she

20 explained it previously to the agency, and has not been

21 challenged in this manner in any way.

22          In that situation, the Court should enter the

23 preliminary injunction, obviously not decide yet the

24 merits -- we recognize that -- and demand that an answer be

25 filed.

PROCEEDINGS

1              Thank you for your courtesy.
2              THE COURT:  Thank you, Mr. Sussman.  I have a few
3     questions.
4              MR. SUSSMAN:  Sure.
5              THE COURT:  Let's turn to NYSCEF Document
6     Number 16, which is the waiver.  Please look at it.
7              Let me read a certain portion to you, and then I
8     have certain questions regarding it.  It's really the first
9     two paragraphs, so look at it.
10             MR. SUSSMAN:  I'm going to get the waiver.
11             THE COURT:  No problem.
12             MR. SUSSMAN:  Okay.  I'm okay.  It's
13    exhibit -- it's in Document 16.
14             THE COURT:  Counsel, I have it.  Just please get
15    back on your video.
16             MR. SUSSMAN:  I'm here.
17             THE COURT:  Okay.  Fine.  Let me read it.
18             MR. SUSSMAN:  Sure.
19             THE COURT:  Ms. Silver, do you have it?
20             MS. SILVER:  Yes, sir.
21             THE COURT:  Okay.  Let me read it.
22             "I" -- first of all, it's dated April 1, 2022.
23    It's titled, "Extend unpaid leave with health benefits
24    through September 6, 2022, attestation."
25             "I, Sherry Mlynarski, opt to extend my leave

8

PROCEEDINGS

1  without pay due to vaccination status through

2  September 6, 2022.  I understand that by selecting to extend

3  such leave, I will be eligible to maintain health insurance

4  through September 6, 2022."

5          Next paragraph.

6          "I understand that if I have not returned by

7  September 6, 2022, I shall be deemed to have voluntarily

8  resigned and knowingly waive my rights to challenge such

9  resignation, including, but not limited to, through a

10 contractual or statutory disciplinary process.  I understand

11 that upon the effective date of such resignation, as it

12 relates to the DOE, I lose all entitlements to reversion,

13 retention, and tenure."

14         Mr. Sussman, it looks like your client voluntarily

15 resigned as of September 6, 2022.

16         MR. SUSSMAN:  I don't agree for this reason.  My

17 client was not in a position at that time, Your Honor, to

18 anticipate that there would be a new window of opportunity

19 at a different point in time with different circumstances in

20 which she could make an application.  She had no reason to

21 understand that would occur.  That is what occurred here.

22         Before September 6th, the date of the, quote,

23 resignation, the DOE did make available this new process.

24 And she did apply for that process in good faith.

25         So I believe -- while I understand the argument --

kp

1     that there's a second possible challenge, which is the

2     challenge to the rejection which is what we're raising of

3     her new application.

4           So I understand the Court's position.  But I also

5     believe that the DOE itself made available the second

6     opportunity, which of course Counsel, in her papers, without

7     any basis says they didn't make it available.  They did.

8           THE COURT:  Okay.  Mr. Sussman --

9           MR. SUSSMAN:  Yes?

10          THE COURT:  -- let me get to step two.

11          MR. SUSSMAN:  Sure.

12          THE COURT:  NYSCEF Document Number 14.  Do you have

13    that document?

14          MR. SUSSMAN:  Yes, Your Honor.

15          THE COURT:  It's New York City DOE Position

16    Statement, Sherry Mlynarski.

17          This looks like a three-page statement with

18    specific reasons for not providing your client with the

19    religious exemption.

20          You were saying that there was no reason for

21    the -- there was no reason specified for the rejection.

22          MR. SUSSMAN:  That's correct.

23          THE COURT:  Doesn't it spell it out verse after

24    verse?

25          MR. SUSSMAN:  The document was not provided to my

PROCEEDINGS

1    client, Your Honor, in any -- in any manner.  It was
2    certainly not provided with respect to the decision in
3    August.  The decision in August, Judge, is the -- we have
4    the document which I put before the Court, which does not
5    cite any reason.  It simply says, "You don't meet the
6    criteria."
7             THE COURT:  So let me turn it over to Ms. Silver.
8             When was this document provided to anybody?
9    Because right now I have NYSCEF Document Number 14.  Tell me
10   what this document is, please.
11            MS. SILVER:  I'm sorry.
12            THE COURT:  Ms. Silver, you're muted.
13            MS. SILVER:  I'm sorry.  Basically, this document
14   was generated with respect to the petitioner's first
15   application.  So --
16            THE COURT:  Ah.  This is the first application?
17            MS. SILVER:  Right.
18            So basically she went through all of the steps.
19   She was -- applied to the DOE, she was denied, she then
20   applied -- she then had a second bite at the apple, at the
21   arbiter, and they upheld the DOE's denial.  And then she
22   went to the citywide panel and they denied it.  That was
23   done on March 28th.
24            THE COURT:  So this is the earlier rejection, this
25   has nothing to do with the August appeal process?

PROCEEDINGS

1  MS. SILVER: Correct. But our argument --

2  THE COURT: Is this document part of that process
3  or not?

4  MS. SILVER: I would only say it's part of the
5  process because her application was already reviewed. And
6  she is applying for the same accommodation on the very same
7  grounds that hers was denied.

8  So our argument is that she -- it is --

9  THE COURT: Let me -- I will -- I just have
10  questions first regarding this document, and then I'll let
11  you oppose because, as you know, I read through all of the
12  documents. I spend my time reviewing your papers and I have
13  to understand the totality of the circumstances, the facts
14  of the case, so that I can make a ruling.

15  So before I do that I have to get explanations.
16  And, Ms. Silver, I'll provide you ample opportunity to
17  oppose. First, I need clarification.

18  MS. SILVER: Sure.

19  THE COURT: This document was -- strike that.

20  Was NYSCEF Document 14 provided to the petitioner
21  in any way, shape, or form at any time?

22  MR. SUSSMAN: No.

23  THE COURT: I know Mr. Sussman says no. I want
24  Ms. Silver's response.

25  MR. SUSSMAN: I'm sorry. I'm sorry.

PROCEEDINGS

1  THE COURT:  You're clear.  Your statements on the
2  record are very clear.
3  MS. SILVER:  I do not know if this was provided to
4  her or not.  I don't know the answer to that question.
5  THE COURT:  Hold on a second, please.  Let me just
6  check something.
7  (There is a pause in the proceedings.)
8  THE COURT:  Off the record for a moment.
9  (Whereupon, a discussion is held off the
10  stenographic record.)
11  THE COURT:  Back on the record.
12  Ms. Silver, I have reviewed your affirmation in
13  support of Respondent's cross-motion.  And the only
14  reference that you have to this document is paragraph 6,
15  which simply states "Attached as Exhibit E is a true and
16  correct copy of the DOE position statement."  You don't
17  mention anything else about this document; is that correct?
18  MS. SILVER:  That -- that is my understanding.
19  Yes.
20  THE COURT:  Okay.  So, counsel in opposition, you
21  can now oppose the order to show cause and support your
22  cross-motion.
23  MS. SILVER:  So, Your Honor, I did file also a
24  reply to Petitioner's motion.  And I just wanted to start
25  off by reiterating that this matter is time-barred by waiver

1     and relief.

2          While the petitioner applied for yet another

3     accommodation -- and I listed case law in my original

4     motion -- just by submitting a reconsideration does

5     not -- does not overrule the prior decision.

6          So, you know, Mr. Sussman is arguing that she was

7     given another opportunity.  This is a -- this is a place, a

8     databank where people can apply.  So essentially what the

9     petitioner was doing was just a week after she was supposed

10    to -- just a week before she was supposed to voluntarily

11    resign with respect to the waiver, she applied for the same

12    accommodation for the same basis.  So, in fact, if we were

13    to go through all of the steps, this wouldn't even be the

14    final step.  She would then -- she just then has an

15    opportunity to apply to the arbiter, and then to the

16    citywide panel.  But she has already done that.

17         So that's essentially our argument, that it's

18    time-barred.  And, additionally, she signed a waiver which

19    said that she would voluntarily resign.  She was granted

20    health benefits --

21         THE COURT:  Ms. Silver, let me stop you because I

22    didn't understand your last argument.

23         I understand that you're arguing that the second

24    application or the second appeal process was merely a

25    reconsideration.  And in March she went through that process

1   and was denied, and there was no timely Article 78
2   challenging that determination.  We understand that.
3            So you then stated that just a week before she was
4   supposed to be voluntarily resigned, she then did the
5   appeals process again.  And then you said she only went
6   through certain steps.  And I didn't catch all of the steps
7   that she went through.  And what -- and what didn't she do
8   that she was supposed to do?  That's the part where you left
9   out.
10           MS. SILVER:  I'm sorry.  Maybe I wasn't explaining
11  it properly.
12           In the first instance of the petitioner applying
13  for religious exemption to the vaccine mandate, she applied
14  for a religious accommodation.  And the steps are first you
15  apply to the DOE, it's either granted or denied.  If it's
16  denied, then, you have an opportunity to go to an arbiter,
17  an independent arbiter that reviews the DOE's determination.
18  If it is -- if they uphold the DOE's determination, then you
19  can apply to the citywide panel and have them look at the
20  DOE's -- what the DOE did here.
21           So she had, in fact, exhausted all of those steps,
22  which ended on March 28th with the citywide panel.  Then she
23  is presented with a waiver right after that, April 1st, that
24  she signs.  So this essentially ends the process.
25           However, on August 25th, she re- -- reapplied,

1     applied again, for a reasonable accommodation.  So we're now
2     back at the first step that she was denied in the first
3     place.
4              She applied to the DOE and it was denied.  So
5     essentially this is -- if it was a new request for a
6     different accommodation, for example, the next step would be
7     to go to an arbiter and then to the citywide panel.  But
8     what I'm saying is that she did all of that, and she's
9     applying again for the same reasons that it was already
10    denied.
11             THE COURT:  So I understand that.
12             Are you arguing that it was -- I know that you're
13    arguing that it was complete on March 28, 2022, because it
14    was denied by the citywide panel.  She then reapplied on
15    August 25th to DOE.  Did she also go to the arbiter and the
16    citywide appeals later, thereafter?
17             MS. SILVER:  No, that has not happened.
18             THE COURT:  So you're saying she didn't exhaust her
19    administrative relief anyhow, with regard to the second
20    appeal?
21             MS. SILVER:  That's correct.  But I'm saying we
22    shouldn't even be getting to that step because the final
23    denial happened on March 28th.  So she has exhausted all of
24    her appeals.
25             And had she wanted to challenge the ruling of the

PROCEEDINGS

1 citywide panel, she is now too late to do that because now

2 it's been more than four months.

3 And she also -- and then not to mention that she

4 also signed this waiver that she was granted health

5 benefits.

6 So if Your Honor -- if Your Honor grants the

7 injunction and leaves her to have her health benefits and

8 she's not terminated, you're also invalidating the waiver

9 that she has signed that she voluntarily resigned on

10 September 6th. So that's the other issue as well. And she

11 retained these health benefits since -- the entire time and

12 that was signed on April 1st of 2022.

13 THE COURT: Thank you.

14 Mr. Sussman, can you just comment on the last

15 argument that Counsel made --

16 MR. SUSSMAN: Yes.

17 THE COURT: -- that you only went to the DOE, that

18 you didn't go to the arbiter and the citywide panel?

19 MR. SUSSMAN: Yes, I can comment. Thank you,

20 Judge.

21 THE COURT: Yes.

22 MR. SUSSMAN: There are several comments. The

23 first comment is, as you know, you do that before you have a

24 motion to dismiss. If you read the motion to dismiss, it

25 doesn't make this argument, it makes no exhaustion argument.

PROCEEDINGS

1    I did not have a chance to respond in my reply papers to
2    that, I would have, but I did not have that opportunity.
3           Second, it's not clear to me, and I don't think
4    it's clear to Ms. -- my client, that there is still in place
5    the mechanism that you just heard about.
6           That mechanism was in place pursuant to a Federal
7    Court of Appeals decision in January of 2022, which
8    chastised the City for having no process, if you will, and
9    required that process.  I'm not aware that that process even
10   still exists.
11          And, as I said to the Court, if you read
12   Mr. Eric Eichenholtz's affidavit, which was submitted, that
13   doesn't argue there's still even in place that process.  And
14   I'm not aware that it is.  So I think that's a bogus
15   argument.
16          I think if they wanted to raise that, they should
17   have put it in their papers so we could have responded to it
18   properly.  It's not there.
19          THE COURT:  Mr. Sussman, you're correct.  You're
20   correct.  I didn't see that argument and it's probably a
21   decent argument that I'm surprised that Counsel didn't make
22   in the papers.
23          MR. SUSSMAN:  You know, you can't --
24          THE COURT:  Mr. Sussman, I'm not going to allow the
25   argument.  You're correct.

PROCEEDINGS

1    MR. SUSSMAN:  Thank you.  I'm sorry.  I won't
2    address it further then.  Thank you.
3    THE COURT:  Okay.  So let me make a ruling.
4    Here, this is a very unfortunate situation.  We
5    have a petitioner that has put in two applications for a
6    religious exemption for the COVID vaccine.
7    The process, whether I like it or not, was that the
8    petitioner would make the request of DOE, which was denied,
9    it then went to the arbiter, and then the citywide appeals.
10   It was then final on March 28, 2022.
11   For some reason, the petitioner did it a second
12   time on August 25th, it's inexplicable, and then now is
13   seeking a review of the denial from the DOE on August 25th.
14   Prior to that time, after the petitioner could not
15   obtain a religious exemption from the COVID vaccine mandate,
16   she signed a waiver.  I went through that waiver.  It was
17   signed on April 1st.  It's clear and unambiguous that she
18   voluntarily resigned, waived any of her rights to challenge
19   the resignation.  The waiver is ironclad.
20   Secondly, it's quite apparent that March 28, 2022,
21   was the final determination.  And the second application on
22   the same or similar grounds is a reconsideration of the
23   March 28, 2022, determination.
24   There is no requirement that the reviewing body
25   state it's a reconsideration in those words.  It doesn't

PROCEEDINGS

1     have to reference the prior determination.  It's a record.

2          Not only was there three rounds of -- through the
3     process, there was even a waiver.  It's quite clear that the
4     process ended on March 28th.  And that's the reason why the
5     petitioner signed the waiver on April 1, 2022, therefore,
6     this Court denies the order to show cause for preliminary
7     injunction, lifts the stay, grants the cross-motion to
8     dismiss the petition as being time-barred, and also a waiver
9     due to voluntary resignation that occurred through the
10    document signed on April 1st, where the petitioner
11    voluntarily resigned the position as of September 6, 2022.

12         Please order the record.

13         Have a good day.

14         MR. SUSSMAN:  Thank you.

15         MS. SILVER:  Thank you.

16              *     *     *     *

17         The foregoing is hereby certified to be a true and
18    accurate transcript of the proceedings as transcribed from
19    the stenographic notes.

20              *     *     *     *

21

22

23         _____
            KAREN PERLMAN, RMR, CRR
24          SENIOR COURT REPORTER

25

kp